UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Paul McCreary,

        Plaintiff

v.

James Dzurenda,

        Defendant

Case No. 2:25-cv-01475-CDS-NJK

Order

      Plaintiff Paul McCreary, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has filed an application to proceed *in forma pauperis*, but has not submitted a complaint. ECF No. 1. McCreary's application to proceed *in forma pauperis* is incomplete because he has not submitted a completed financial certificate and an inmate trust fund account statement for the previous six-month period. I deny McCreary's application to proceed *in forma pauperis* without prejudice and give him the opportunity to file a complaint and correct these deficiencies.

I.    Discussion

      A.   McCreary must file a signed complaint.

      "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "A civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form." LSR 2-1. And the complaint must be signed personally by the unrepresented party. Fed. R. Civ. P. 11(a).

      B.   McCreary must either pay the filing fee or apply for pauper status.

      The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). As of December 1, 2023, the fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28

U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." LSR 1-1. For an inmate to apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); LSR 1-2. *In forma pauperis* status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

## C. McCreary cannot be used to bypass a vexatious litigant order.

McCreary has attached a filing from inmate Matthew Travis Houston to his application to proceed *in forma pauperis*. *See* ECF No. 1 at 4-8. Houston is a vexatious litigant, and I am aware of his attempts to bypass his prefiling requirements by initiating lawsuits with other inmates, including McCreary. *See McCreary et al. v. Dzurenda et al.*, 2:25-cv-01687-APG-BNW, and *Belcastro et al. v. Dzurenda et al.*, 2:25-cv-01691-APG-BNW. By the terms of the vexatious litigant order, Houston may not commence a new action without obtaining prefiling permission from the chief judge of this district. *See Houston v. Encore Event Technologies et al.*, 2:22-cv-01740-JAD-EJY at ECF No. 30. This requirement does not change even if Mr. Houston initiates a lawsuit with other inmates.

McCreary may initiate this lawsuit on his own behalf by filing a complete application to proceed *in forma pauperis* and by submitting a complaint that has allegations pertaining to himself. If either McCreary or Houston attempt to use this case to further Houston's attempts at initiating a lawsuit without complying with Houston's vexatious litigant order, I will dismiss this action without prejudice. Alternatively, McCreary may file a voluntary motion to dismiss if he no longer wishes to pursue this case.

## II. Conclusion

I therefore order that, **by October 31, 2025**, McCreary must submit a signed complaint to this court.

I order that the application to proceed *in forma pauperis* **[ECF No. 1] is denied without prejudice** as incomplete.

I order that, **by October 31, 2025**, McCreary must either pay the full $405 filing fee or file a fully complete application to proceed *in forma pauperis* with all three required documents: a completed application with the inmate's two signatures on page 3; a completed financial certificate that is signed both by the inmate and the prison or jail official; and a copy of the inmate's trust fund account statement for the previous six-month period.

I order that, if McCreary fails to timely comply with this order, this action will be subject to dismissal without prejudice. A dismissal without prejudice allows McCreary to refile the case with the court, under a new case number, when McCreary can file a complaint and either pay the required filing fee or file a complete application to proceed *in forma pauperis*. Alternatively, McCreary may file a voluntary motion to dismiss if he no longer wishes to pursue this case.

The Clerk of the Court is instructed to send McCreary the approved form application to proceed *in forma pauperis* for an inmate and instructions for the same and the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same.

Dated: September 11, 2025

_____
Cristina D. Silva
United States District Judge